IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| WILLIAM JOHNSON, JILL JOHNSON, BRIAN MASON, NAOMI MASON, and SECOND AMENDMENT FOUNDATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NICK LYON, in his official capacity as Director of the Michigan Department of Health and Human Services, <br><br> Defendant. | Case No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, WILLIAM JOHNSON, JILL JOHNSON, BRIAN MASON, NAOMI MASON, and SECOND AMENDMENT FOUNDATION, INC. (hereinafter "SAF"), by and through undersigned counsel, as and for their Complaint against Defendant NICK LYON, in his official capacity as Director of the Michigan Department of Health and Human Services (hereinafter "MDHHS"), allege as follows:

### INTRODUCTION

1. This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, which seeks equitable, declaratory, and injunctive relief challenging the State of Michigan's prohibition on the bearing of firearms for self-defense by otherwise qualified Michigan residents who are or wish to be foster or adoptive parents.

2. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 2797 (2008), and is "fully applicable against the States," *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

3. However, the policy of the MDHHS, by implementing requirements and restrictions that are actually functional bans on the bearing of firearms for self-defense, both in and out of the home, completely prohibits foster and adoptive parents, and those who would be foster or adoptive parents, from the possession and bearing of readily-available firearms for the purpose of self-defense. This violates Plaintiffs' constitutional rights under the Second and Fourteenth Amendments.

4. Plaintiffs seek to establish that the recognition and incorporation of the Second Amendment, and the Fourteenth Amendment's due process and equal protection clauses, renders the State's ban on the possession and bearing of firearms by foster and adoptive parents, and would-be foster and adoptive parents, unconstitutional. As the Plaintiffs only seek to be treated the same as other law-abiding Michigan residents, the Second and Fourteenth Amendments render a ban such as that challenged in this action, impermissible.

5. This action is not about the issue of "safe storage" laws generally, but only insofar as the State's requirements and restrictions prohibit foster and adoptive parents, and those who would be foster or adoptive parents, from the possession and bearing of readily-available firearms for the purpose of self-defense, both in and out of their homes.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Defendant as he executes, administers and enforces the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

7. This Court has personal jurisdiction over the Defendant because, *inter alia*, he acted under the color of laws, policies, customs, and/or practices of the State of Michigan and/or within the geographic confines of the State of Michigan.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendant executes, administers, and enforces the complained-of laws against Plaintiffs in this District, and because the events and omissions giving rise to this action are harming Plaintiffs in this District, and the State laws were enacted in the State capital in this District.

## PLAINTIFFS

9. Plaintiff William Johnson is 54 years old, and resides with his family in Ontonagon, Michigan. Johnson is retired from the United States Marine Corps following disability, and also worked as a truck driver. He has lived in Ontonagon for nine years, and lived in the Grand Rapids area prior to that. William also possesses a Michigan Concealed Pistol License. In sum, he has many solid connections to the State of Michigan and the Ontonagon area, including his wife and his grandson who still reside in the area.

10. Plaintiff Jill Johnson resides with her family in Ontonagon, Michigan. She owns a tackle shop in Ontonagon, and likewise has many connections to Ontonagon and the State of Michigan.

11. The Johnsons were asked by the State of Michigan to be foster parents to their grandchild. When Johnson and Jill and Mason went to pick up Johnson's grandson at the MDHHS, Johnson was searched. Even though Johnson was not carrying a firearm, the MDHHS officials still demanded to see Johnson's Concealed Pistol License. The caseworkers stated that Mr. Johnson, a 100% disabled veteran, was going to have to give them the serial numbers for all of his guns, including shotguns and rifles. When Johnson questioned the caseworkers about this, they told him: "if you want to care for your grandson you will have to give up some of your constitutional rights." They then told the Johnsons that "there would not be a power struggle, that they would just take his grandson and place him in a foster home." The MDHHS later said they had "big concerns" over Johnson exercising his Second Amendment rights and carrying a firearm. There is nothing in Johnson's history that would warrant such concerns.

12. Two weeks after that, in Gogebic County Court to have the Johnsons' grandson formally placed with them, the Judge in passing told the Johnsons they would have to comply with the firearms restrictions if they wanted to care for their grandson. The Judge said during the hearing: "We know we are violating numerous constitutional rights here, but if you do not comply, we will remove the boy from your home."

13.     Plaintiff Brian Mason is 36 years old, and resides with his family in Ontonagon, Michigan.  Brian has been the Pastor at the Ontonagon Baptist Church in Ontonagon, Michigan for nine years.  He is also the Chair of the Ontonagon County Department of Health and Human Services Board. Prior to that, he started a church on Drummond Island, Michigan.  Brian also possesses a Michigan Concealed Pistol License and is an NRA certified range officer.  In sum, he has many solid connections to the State of Michigan and the Ontonagon area, including his wife and the two of his three children who still reside in the area.

14.     Plaintiff Naomi Mason resides with her family in Ontonagon, Michigan, is a published author and substitute librarian in Ontonagon, and thus has strong connections to Ontonagon and the State of Michigan.

15.     The Johnsons and the Masons are allowed to possess and bear firearms in Michigan generally, but are prohibited by the MDHHS policy complained-of herein from possessing and bearing firearms for self-defense so long as they currently are foster parents or plan to be foster parents in the future.

16.     The Johnsons would possess and bear loaded and functional firearms for self-defense and defense of family, but refrain from doing so because they fear their foster child/grandchild being taken away from them by the State, and/or being prohibited from being foster parents in the future, all due to the MDHHS policy complained-of herein.

17.     The Masons would become foster parents in the State of Michigan, but have refrained from doing so, because they know that if they do they would be

prohibited from possessing and bearing loaded and functional firearms for self-defense, and defense of family, at the risk of their foster children being taken away from them by the State, and/or being prohibited from being foster parents in the future, all due to the MDHHS policy complained-of herein.

20. SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes foster and adoptive parents residing in Michigan. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing, advocacy, and legal action focusing on the Constitutional right privately to own, possess, and bear firearms. SAF brings this action on behalf of itself and its members.

19. Members of SAF who are or would be foster and/or adoptive parents would bear loaded and functional handguns for self-defense, but refrain from doing so because they fear their foster children being taken away from them by the State, and/or being prohibited from being foster parents in the future, all due to the MDHHS policy complained-of herein.

20. William and Jill Johnson are members of SAF.

21. Brian and Naomi Mason are members of SAF.

## DEFENDANT

22. Defendant Lyon is the Director of the Michigan Department of Health and Human Services. In Lyon's official capacity, he is responsible for enforcing certain of Michigan's laws, customs, practices, and policies, specifically those challenged herein. In that capacity, Lyon is presently enforcing the laws, customs,

practices and policies complained of in this action. Specifically, Lyon is the authority charged with processing and administering the foster parenting system in Michigan. He is sued in his official capacity.

## CONSTITUTIONAL PROVISIONS

23. The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

24. The Second Amendment "is fully applicable against the States." *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

25. Section 1 of the Fourteenth Amendment provides, in relevant part:

> **No state shall** make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, **without due process of law**; nor **deny to any person within its jurisdiction the equal protection of the laws**.

U.S. Const. amend. XIV (emphasis added).

## STATE LAW

26. Michigan DHHS Foster Care Rules states:

> R 400.9415 Hazardous materials. Rule 415. (1) A foster parent shall follow the agency's hazardous materials policy. (2) Dangerous and hazardous materials, objects, weapons, chemicals, medication, or equipment that may present a risk to children placed in the foster home shall be stored securely and out of the reach of children, as appropriate for the age and functioning level of the children. (3) Firearms are subject to the following conditions: (a) Stored in a locked metal or solid wood gun safe or (b) Trigger-locked and stored without ammunition in a locked area. (c) Ammunition shall be stored in a separate locked location. (d)

> A handgun shall be registered. Documentation of the registration of the handgun shall be available for review. History: Eff. January 1, 2001, Am. Eff. January 5, 2015."

## COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
## (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

27. Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28. The MDHHS policy contained in R 400.9415, and all other Michigan statutory language, which as-applied functionally restricts foster and adoptive parents, and would-be foster and adoptive parents, the rights and privileges of possessing and bearing readily-available firearms for self-defense and defense of family based solely on their status as foster and adoptive parents, on their face and as applied, violate the Plaintiffs' individual right to possess and carry firearms for self-defense and defense of family as secured by the Second Amendment to the United States Constitution.

## COUNT II – VIOLATION OF EQUAL PROTECTION
## (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)

29. Paragraphs 1 through 28 are realleged and incorporated herein by reference.

30. The MDHHS policy R 400.9415, and all other Michigan statutory language which restricts foster and adoptive parents, and would-be foster and adoptive parents, the rights and privileges of possessing and bearing firearms for self-defense and defense of family based solely on their status as foster and adoptive parents, on their face and as applied, are unconstitutional denials of equal

protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

### COUNT III – VIOLATION OF SUBSTANTIVE DUE PROCESS
### (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)

31.     Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32.     The MDHHS policy R 400.9415, and all other Michigan statutory language, which restricts foster and adoptive parents, and would-be foster and adoptive parents, the rights and privileges of possessing and bearing firearms for self-defense and defense of family based solely on their status as foster and adoptive parents, on their face and as applied, are unconstitutional denials of their fundamental substantive due process rights, and are in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### FOR ALL COUNTS

33.     Paragraphs 1 through 32 are realleged and incorporated herein by reference.

34.     A controversy exists as to whether the MDHHS policy which restricts foster and adoptive parents, and would-be foster and adoptive parents, the rights and privileges of possessing and bearing firearms for self-defense and defense of family based solely on their status as foster and adoptive parents, is unconstitutional.

35.     A declaration from this Court would settle this issue.

36. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

37. The Plaintiffs seek a declaration that the MDHHS policy which restricts foster and adoptive parents, and would-be foster and adoptive parents, the rights and privileges of possessing and bearing firearms for self-defense and defense of family based solely on their status as foster and adoptive parents, is unconstitutional.

38. In the absence of an injunction, the unlawful MDHHS policy complained-of herein would continue to be enforced and would prevent the Johnsons and Masons, and SAF's members who are foster or adoptive parents, or would-be foster or adoptive parents, residing in Michigan from possessing or bearing a firearm that any otherwise-qualified Michigan residents may possess and bear for defense of self or family.

39. The Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

40. There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow the Johnsons, Masons, and SAF's members who are foster or adoptive parents, or would-be foster or adoptive parents, residing in Michigan the opportunity to possess and bear a firearm for self-defense.

Case 2:17-cv-00124 ECF No. 1 filed 07/17/17 PageID.11 Page 11 of 12

WHEREFORE, Plaintiffs pray that this Honorable Court:

1. Issue preliminary and permanent injunctions (a) enjoining Defendant NICK LYON, as Director of the Michigan Department of Health and Human Services, from continuing and enforcing the MDHHS policy of prohibiting firearms ownership and possession to foster and adoptive parents, and those who would be foster and adoptive parents in Michigan, including against the Plaintiffs and/or their members; and

2. Enter the following:

   (a) A declaratory judgment that the MDHHS policy of prohibiting firearms possession and bearing by foster and adoptive parents, and those who would be foster and adoptive parents in Michigan, and all other Michigan statutory language which restricts firearms rights and privileges based on status as a foster or adoptive parent, are null and void because they (i) infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution and (ii); and violate due process and the equal protection of the laws guaranteed by the Fourteenth Amendment to the United State Constitution;

   (b) Issue preliminary and permanent injunctions against the Defendant and his political subdivisions, including officers, agents, and employees thereof, from enforcement of the MDHHS policy of prohibiting firearms possession and bearing by foster and adoptive

parents, and those who would be foster and adoptive parents in Michigan, and all other Michigan statutory language which restricts firearms rights and privileges based on status as a foster or adoptive parent.

3. Award Plaintiffs attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4. Grant such other and further relief, in law and equity, as the Court deems just and proper.

Dated: July 17, 2017                    Respectfully submitted,


                                        By:  /s/ David G. Sigale
                                             Attorney for Plaintiffs

David G. Sigale
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
Tel: 630.452.4547
Fax: 630.596.4445
dsigale@sigalelaw.com
*Attorney for Plaintiffs*