UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION (2)

| | |
|---|---|
| WILLIAM JOHNSON, JILL JOHNSON, BRIAN MASON, NAOMI MASON, and SECOND AMENDMENT FOUNDATION, INC., | No. 17-CV-00124-DLM-TPG |
| Plaintiffs, | HON. PAUL L. MALONEY |
| v. | MAG. TIMOTHY P. GREELEY |
| NICK LYON, in his official capacity as Director of the Michigan Department of Health and Human Services, | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |
| Defendant. | |

David G. Sigale
Attorney for Plaintiffs
Law Firm of David G. Sigale, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
(630) 452-4547
dsigale@sigalelaw.com

Joshua S. Smith (P63349)
Jennifer L. A. Walker (P73048)
Attorneys for Defendant
Michigan Department of Attorney General
Health, Education & Family Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 373-7700
smithj46@michigan.gov
walkerj32@michigan.gov
                                                        /

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>**

Now comes Defendant, Nick Lyon, by and through his attorney, Assistant Attorneys General Joshua S. Smith and Jennifer L. A. Walker, and answers the Complaint for Declaratory and Injunctive Relief as follows:

## INTRODUCTION

1. This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary. To the extent it makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs.

2. Admitted that this paragraph accurately quotes portions of the Supreme Court's opinions in *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010), but the case law speaks for itself.

3. This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary. To the extent it makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs.

4. This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary. To the extent it

makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs.

5. This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary. To the extent it makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs.

## JURISDICTION AND VENUE

6. Admitted that Defendant conducts his official duties in this District, which includes the execution, administration and enforcement of Mich. Admin. Code R. 400.9415. Denied that Plaintiffs' Complaint has a legal basis to assert this Court's jurisdiction. To the extent it makes other allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs. Otherwise, this paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary.

7. Admitted that Defendant conducts his official duties within the State of Michigan. Denied that Plaintiffs' Complaint has a legal basis to assert this

Court's jurisdiction. To the extent it makes other allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs. Otherwise, this paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary.

8. Admitted that Defendant conducts his official duties in this District and that the facts alleged appear to have occurred within this District. Denied that Plaintiffs' Complaint has a legal basis to assert this Court's jurisdiction, but to the extent that jurisdiction is proper in this Court, then Defendant admits that venue is also proper in this Court.

## PLAINTIFFS

9. Neither admitted nor denied on grounds that Defendant is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs.

10. Neither admitted nor denied on grounds that Defendant is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs.

11. Plaintiffs state several allegations in this paragraph, contrary to Fed. R. Civ. P. 10(b), over the course of eight sentences, most of which contain multiple allegations.

- Admitted that the allegation in the first sentence is true.

- The second sentence contains two allegations: First, that the Johnsons and "Mason" – it does not state whether this was Brian or Naomi – went to pick up the Johnsons' grandson at the Michigan Department of Health and Human Services (Department); and second, that "Johnson" – it does not state which of the two Johnsons, William or Jill – was searched. Defendant admits that the Johnsons went to a local Department office with the apparent purpose of picking up their grandchild and/or attending a family team meeting (FTM). The second allegation in this sentence is denied because no search of Mr. Johnson was conducted by Department staff when Mr. Johnson went to the local office to pick up his grandchild and/or attend the FTM.

- The third sentence contains two allegations: First, that "Johnson" – it does not state which of the two Johnsons, William or Jill – was not carrying a firearm; and second, Michigan Department of Health and Human Service officials asked to see "Johnson's" Concealed Pistol License. Defendant admits that Mr. Johnson was not carrying a firearm when he went to the local office to pick up his grandchild and/or attend the FTM. Defendant denies that Department staff asked Mr. Johnson to produce a concealed pistol license when he went to the local office to pick up his grandchild and/or attend the FTM, although Mr. Johnson later produced the license as part of the relative home study process.

- The fourth sentence contains two allegations: First, that Mr. Johnson

5

is "a 100% disabled veteran;" and second, that unnamed caseworkers requested the serial numbers for all of his guns. Defendant neither admits nor denies the first allegation in this sentence because he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leaves Plaintiffs to their proofs. Defendant denies that Department staff requested the serial number for all of his firearms when Mr. Johnson went to the local office to pick up his grandchild and/or attend the FTM.

- The fifth sentence contains two allegations: That "Johnson" questioned the unnamed caseworkers; and second, that the unnamed caseworkers made a specific statement. Defendant neither admits nor denies the first allegation in this sentence because he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leaves Plaintiffs to their proofs. Defendant denies that unnamed caseworkers made the specific statement alleged to Mr. Johnson when he went to the local office to pick up his grandchild and/or attend the FTM.

- The sixth sentence alleges that unnamed caseworkers made a specific statement to the Johnsons. Defendant denies that unnamed caseworkers made the specific statement alleged to Mr. Johnson when he went to the local office to pick up his grandchild and/or attend the FTM.

- The seventh sentence contains two allegations: First, that "[t]he MDHHS" made a statement at a later date, without stating whom at the Michigan Department of Health and Human Service made the alleged statement, when it was

6

made or to whom; and second, the specific statement.  Defendant neither admits nor denies the allegations in this sentence because he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leaves Plaintiffs to their proofs.

- The allegations contained in the eighth sentence are neither admitted nor denied on grounds that Defendant is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs, although Department staff has been informed that Mr. Johnson was the subject of a police report regarding concerns he had threatened an individual with a firearm.

12. Neither admitted nor denied on grounds that Defendant is without knowledge or information sufficient to form a belief about the truth of this allegation regarding statements by a third-party and therefore leave Plaintiffs to their proofs.

13. Because Brian Mason was dismissed from this action, Doc. 48, Pg. ID 931, he is no longer a party and no response to this allegation is required.  (Order, Doc. 50, Pg. ID 939.)

14. Because Naomi Mason was dismissed from this action, Doc. 48, Pg. ID 931, she is no longer a party and no response to this allegation is required.  (Order, Doc. 50, Pg. ID 939.)

15. This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary.  To the extent it

makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs.

16. Neither admitted nor denied on grounds that Defendant is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs. To the extent that this paragraph states a legal conclusion about the effect of a Department policy, no response is required.

17. Because the Masons were dismissed from this action, Doc. 48, Pg. ID 931, they are no longer parties and no response to this allegation is required. (Order, Doc. 50, Pg. ID 939.)

18. Neither admitted nor denied on grounds that Defendant is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs.

19. Neither admitted nor denied on grounds that Defendant is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs. To the extent that this paragraph states a legal conclusion about the effect of a Department policy, no response is required.

20. Neither admitted nor denied on grounds that Defendant is without knowledge or information sufficient to form a belief about the truth of this

allegation and therefore leave Plaintiffs to their proofs.

21. Because the Masons were dismissed from this action, Doc. 48, Pg. ID 931, they are no longer parties and no response to this allegation is required. (Order, Doc. 50, Pg. ID 939.)

## DEFENDANT

22. Admitted that Nick Lyon is the Director of the Department, and, in his official capacity, administers the foster care system in Michigan and that he is being sued in his official capacity. Further admitted that Nick Lyon, in his official capacity, is responsible for and presently is enforcing Mich. Admin. Code R. 400.9415. Denied insofar as there are no laws, customs or policies at issue or being challenged in this case other than Mich. Admin. Code R. 400.9415.

## CONSTITUTIONAL PROVISIONS

23. Admitted that this paragraph accurately quotes the Second Amendment of the United States Constitution, which speaks for itself.

24. Admitted that this paragraph accurately quotes portions of the Supreme Court's opinion in *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010), but the case law speaks for itself

25. Admitted that this paragraph accurately quotes the second sentence of the first section of the Fourteenth Amendment of the United States Constitution, although it adds bold face to some of the words, which does not appear in the text of the Fourteenth Amendment. Furthermore, the Fourteenth Amendment speaks for

itself.

## STATE LAW

26. Admitted that this paragraph accurately quotes the Mich. Admin. Code R. 400.9415, although both the formatting and historical note are different than the version found at http://dmbinternet.state.mi.us/DMB/ORRDocs/AdminCode/925_2008-055HS_AdminCode.pdf, last accessed September 18, 2018. Furthermore, Mich. Admin. Code R. 400.9415 speaks for itself.

### COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

27. Defendant incorporates his previous answers to the Complaint.

28. Denied that Mich. Admin. Code R. 400.9415 violates the Second Amendment to the United States Constitution. Further denied that "all other Michigan statutory language" is at issue because Plaintiffs have only specifically challenged Mich. Admin. Code R. 400.9415. Further denied to the extent that this paragraph purports to challenge the rights of "adoptive parents" and "would be foster and adoptive parents" because the Johnsons and the Second Amendment Foundation are the only Plaintiffs, and the Johnsons only have a foster license, such that the Complaint only challenges application of Mich. Admin. Code R. 400.9415 to foster parents. Furthermore, this paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary. To the extent it makes other allegations of fact such that a response is

required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs.

### COUNT II – VIOLATION OF EQUAL PROTECTION
### (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)

29. Defendant incorporates his previous answers to the Complaint.

30. Because Count II was dismissed with prejudice, Doc. 48, Pg. ID 931, no response to this allegation is required. (Order, Doc. 50, Pg. ID 939.)

### COUNT III – VIOLATION OF SUBSTANTIVE DUE PROCESS
### (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)

31. Defendant incorporates his previous answers to the Complaint.

32. Because Count III was dismissed with prejudice, Doc. 48, Pg. ID 931, no response to this allegation is required. (Order, Doc. 50, Pg. ID 939.)

### FOR ALL COUNTS

33. Defendant incorporates his previous answers to the Complaint.

34. This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary. To the extent it makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs.

35. This paragraph states a legal conclusion and/or argument, rather than

making an allegation of fact, therefore no response is necessary. To the extent it makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs.

36. This paragraph states a legal conclusion and/or argument, rather than making an allegation of fact, therefore no response is necessary. To the extent it makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs.

37. This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary. To the extent it makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs.

38. This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary. To the extent it makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave

Plaintiffs to their proofs.

39. This paragraph states a legal conclusion and/or argument, rather than making an allegation of fact, therefore no response is necessary. To the extent it makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs.

40. This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary. To the extent it makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation and therefore leave Plaintiffs to their proofs.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in his favor, dismiss Plaintiffs' Complaint with prejudice, and award such other relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state claims upon which relief can be granted.

2. The court lacks jurisdiction because the Complaint does not present a case controversy that is ripe for adjudication.

3. Plaintiffs lack standing to assert some or all of their claims.

4. Plaintiffs have not exhausted their administrative remedies.

5. The Court should exercise its discretion to abstain from adjudicating these claims.

6. The Eleventh Amendment bars some or all of Plaintiffs' claims against Defendant.

7. Defendant has sovereign immunity and qualified immunity.

8. Plaintiffs' claims are barred on grounds of res judicata.

9. Plaintiffs' claims are barred on grounds of collateral estoppel.

10. Plaintiffs' claims are barred on grounds of fraud.

11. Plaintiffs' claims are barred on grounds of illegality.

12. Plaintiffs' claims are barred on grounds of laches.

13. Plaintiffs' claims are barred by the statute of frauds.

14. Plaintiffs' claims are barred on grounds of waiver.

15. Plaintiffs' claims are barred on grounds of forfeiture.

16. Plaintiffs' claims are barred on grounds of mootness.

17. Plaintiffs' claims are barred on grounds of the statute of limitations.

18. Defendant reserves the right to supplement, add to or amend these defenses as this case develops and during the course of discovery.

Respectfully submitted,

B. Eric Restuccia
Chief Legal Counsel

/s/ Joshua S. Smith
Joshua S. Smith (P63349)
Jennifer L. A. Walker (P73048)
Assistant Attorneys General
Attorneys for Defendant
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
Phone:  (517) 373-7700
Fax:  (517) 335-1152
Smithj46@michigan.gov
WalkerJ32@michigan.gov

Dated:  September 25, 2018

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on September 25, 2018, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ Joshua S. Smith
Assistant Attorney General
Attorney for Defendant
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
Phone:  (517) 373-7700
Fax:  (517) 335-1152
Smithj46@michigan.gov
P63349
