UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM JOHNSON, JILL JOHNSON, and
SECOND AMENDMENT FOUNDATION,
INC.,

 Plaintiffs,

v.

NICK LYON, in his official capacity as
Director of the Michigan Department of Health
and Human Services,

 Defendant.

No. 2:17-CV-124-PLM-MV

HON. PAUL L. MALONEY

MAG. MAARTEN VERMAAT

---

David G. Sigale
Attorney for Plaintiffs
Law Firm of David G. Sigale, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
(630) 452-4547
dsigale@sigalelaw.com

---

Joshua S. Smith (P63349)
Jennifer L. A. Walker (P73048)
Assistant Attorneys General
Attorneys for Defendant
Michigan Department of Attorney General
Health, Education & Family Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
smithj46@michigan.gov
walkerj32@michigan.gov

---

**STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING
PROTECTED HEALTH INFORMATION AND CONFIDENTIAL
INFORMATION**

Plaintiffs William and Jill Johnson, and the Second Amendment Foundation, Inc., and Defendant Robert Gordon[1] (collectively, the "Parties") in the above-captioned action (the "Action") have agreed to the terms of this Order; accordingly, it is ORDERED:

1. This Order is meant to facilitate the production, exchange, and discovery of documents and information in this Action. Absent further Order from this Court, this Order shall apply to all proceedings in this Action, including discovery and pre-trial proceedings, trial, and any post-trial proceedings. Any Party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

2. Any personally identifiable information ("PII"), personal health information ("PHI") derived or ascertained from Parties' responses to discovery requests, any document produced through discovery, deposition testimony, or other formal and/or informal disclosure made by a Party to this case that concerns any non-party, is hereby designated to be confidential and shall be subject to the provisions of this Order.

3. Pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Parties are prohibited from using or disclosing the PHI for any purpose other than a purpose for which the information is related to this litigation.

---

[1] Robert Gordon was named Director of the Michigan Department of Health and Human Services on January 10, 2019. https://www.michigan.gov/whitmer/0,9309,7-387-90499_90640-487173--,00.html. See Fed. R. Civ. P. 25(d).

4. PII is any information that can be used to identify a person, including without limitation any names, addresses, telephone numbers, social security numbers, drivers' license numbers, state identification numbers, employee numbers, dates of birth, personal health information or records, social media records, Medicaid numbers, financial institution information, and other individual information likely to enable a reasonable member of the general public to ascertain the relevant person's identity.

5. This Order does not cover PII and/or PHI concerning employees and/or staff of the State of Michigan, any child-placing agency or any other contractor of the State of Michigan.

6. The use of PII and/or PHI by the Parties and their counsel for any purpose other than the preparation and trial of this case or other proceedings related to this case, including but not limited to settlement discussions, is prohibited, except as modified by subsequent order of this Court.

7. Disclosure of PII and/or PHI shall be limited to the Parties' counsel, staff and consultants employed by the Parties or their counsel, including testifying experts and persons employed by experts, employees, and/or agents thereof. PII and/or PHI may not be disclosed to the Parties, except in limited circumstances, and are otherwise for attorneys' eyes only.

8. PII and/or PHI may be disclosed to Parties only for the limited purpose of obtaining further information relevant to this litigation when the Party already

has or is likely to have further information related to the individual or group whose PII and/or PHI is being disclosed.

9. Any person to whom PII and/or PHI is disclosed under the terms of this Order shall be provided a copy of this Order and is specifically directed not to reveal such information for any purpose other than as permitted by this Order.

10. Any PII and/or PHI derived or ascertained from the documents produced at trial or depositions is hereby designated to be confidential and shall be subject to the provisions of this Order.

11. If PII and/or PHI is produced at trial, used during depositions or filed in support of pleadings, briefs, affidavits or other filings, the relevant portions of deposition transcripts, deposition exhibits, pleadings, briefs, affidavits and other documents shall be treated as confidential in accordance with this Order and redacted or sealed prior to filing.

12. Any person to whom PII and/or PHI is disclosed under the terms of this Order shall be provided a copy of this Order and is specifically directed not to reveal such information for any purpose other than as permitted by this Order.

13. The use of PII and/or PHI by the Parties and their counsel for any purpose other than the preparation and trial of this case or other proceedings related to this case, including but not limited to settlement discussions, is prohibited, except as modified by subsequent order of this Court.

14. The Parties stipulate and agree to this Order without waiving any legal rights or defenses they may possess in this case. The Parties stipulate and

agree that they shall not use this Order as a basis for asserting any waiver by any Party regarding any legal rights or defenses that Party may possess in this case.

15. This Order shall not apply to or prohibit the disclosure or dissemination of information other than PII and/or PHI, including without limitation documents produced by a Party to this action that, as redacted or otherwise altered, are not PII and/or PHI.

16. This Order shall not be construed as an agreement by any Party to produce PII and/or PHI nor shall this Order be construed as an agreement by any Party that any PII and/or PHI is relevant or discoverable in this lawsuit.

17. The Parties agree that disclosure of PII or PHI within the terms of this order will not constitute a violation of Michigan law, nor a breach of any contract or other agreement between the Parties.

18. Nothing in this Order shall restrict the right of any Party to use its own PII and/or PHI for any purpose whatsoever.

19. Within 45 days after conclusion of this lawsuit, including any appeals, and any other proceedings related to this case, the Parties, their counsel and/or any other person bound by this Protective Order, is required to return to the producing Party, or destroy, any PII and/or PHI (including copies made).

20. The Parties shall treat this Stipulated Order as effective upon execution by the Parties.

STIPULATED TO BY:

                                        Attorney for Plaintiffs:

Dated: June 19, 2019          */s/ David G. Sigale*
                                      David G. Sigale
                                      Attorney for Plaintiffs
                                      Law Firm of David G. Sigale, P.C.
                                      799 Roosevelt Road, Suite 207
                                      Glen Ellyn, IL 60137
                                      (630) 452-4547
                                      dsigale@sigalelaw.com

                                        Attorney for Defendant:

Dated:  June 19, 2019         */s/ Joshua S. Smith*
                                      Joshua S. Smith (P63349)
                                      Michigan Department of Attorney General
                                      Assistant Attorney General
                                      Health, Education & Family Services
                                      525 W. Ottawa St., Fl. 3
                                      P.O. Box 30758
                                      Lansing, MI 48909
                                      (517) 335-7603
                                      SmithJ46@michigan.gov

                                           **ORDER**

IT IS SO ORDERED.


Dated:                                          _____
                                          HON. PAUL L. MALONEY
                                          United States District Court Judge