UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM JOHNSON, JILL JOHNSON, and
SECOND AMENDMENT FOUNDATION,
INC.,

    Plaintiffs,

v.

NICK LYON, in his official capacity as
Director of the Michigan Department of Health
and Human Services,

    Defendant.

No. 17-CV-00124-PLM-MV

HON. PAUL L. MALONEY

MAG. MAARTEN VERMAAT

David G. Sigale
Attorney for Plaintiffs
Law Firm of David G. Sigale, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
(630) 452-4547
dsigale@sigalelaw.com

Joshua S. Smith (P63349)
Jennifer L. A. Walker (P73048)
Assistant Attorneys General
Attorneys for Defendant
Michigan Department of Attorney General
Health, Education & Family Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
smithj46@michigan.gov
walkerj32@michigan.gov

    /

**STIPULATED 502(D) ORDER**

1.      The production of privileged or work-product protected documents or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal, state, or administrative proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

3.      When the disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the disclosing party and brought to the attention of the receiving parties, the treatment of such material by the receiving parties shall be in accordance with Fed. R. Civ. P. 26(b)(5)(B). Disclosure of such information, document or thing shall not by itself constitute a waiver by the disclosing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving parties to challenge the disclosing party's claim of privilege within a reasonable time after receiving notice of the claim of privilege.

The Parties through their respective counsel stipulate that the Court should enter this Order in this form and without further notice.

                                                Attorney for Plaintiffs:

Dated: June 19, 2019                */s/ David G. Sigale*
                                                David G. Sigale
                                                Attorney for Plaintiffs
                                                Law Firm of David G. Sigale, P.C.
                                                799 Roosevelt Road, Suite 207
                                                Glen Ellyn, IL 60137
                                                (630) 452-4547
                                                dsigale@sigalelaw.com

                                                Attorney for Defendant:

Dated:  June 19, 2019               */s/ Joshua S. Smith*
                                                Joshua S. Smith (P63349)
                                                Michigan Department of Attorney General
                                                Assistant Attorney General
                                                Health, Education & Family Services
                                                525 W. Ottawa St., Fl. 3
                                                P.O. Box 30758
                                                Lansing, MI 48909
                                                (517) 335-7603
                                                SmithJ46@michigan.gov

## ORDER

IT IS SO ORDERED.

Dated:   June 20, 2019                /s/ Paul L. Maloney
                                                HON. PAUL L. MALONEY
                                                United States District Court Judge