IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

WILLIAM JOHNSON, JILL JOHNSON, )
BRIAN MASON, NAOMI MASON, and )
SECOND AMENDMENT FOUNDATION, INC., )
)
)
Plaintiffs, )
) Case No. 2:17 CV 124
v. )
)
NICK LYON, in his official capacity as Director of )
the Michigan Department of Health and Human )
Services, )
)
Defendant. )

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, WILLIAM JOHNSON, JILL JOHNSON, BRIAN MASON, NAOMI MASON, and SECOND AMENDMENT FOUNDATION, INC. (hereinafter "SAF"), by and through undersigned counsel, as and for their Amended Complaint against Defendant NICK LYON, in his official capacity as Director of the Michigan Department of Health and Human Services (hereinafter "MDHHS"), allege as follows:

### INTRODUCTION

1. This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, which seeks equitable, declaratory, and injunctive relief challenging the State of Michigan's prohibition on the bearing of firearms for self-defense by otherwise qualified Michigan residents who are or wish to be foster parents.

2. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 2797 (2008), and is "fully applicable against the States," *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

3. However, the MDHHS, by implementing Rules for Foster Families with requirements and restrictions that are close to functional bans on the keeping and bearing of firearms for self-defense, both in and out of the home, nearly completely prohibits foster parents, and those who would be foster parents, from the possession and bearing of readily-available firearms for the purpose of self-defense. This violates Plaintiffs' constitutional rights under the Second and Fourteenth Amendments.

4. Plaintiffs seek to establish that the recognition and incorporation of the Second Amendment, and the Fourteenth Amendment's due process and equal protection clauses, renders the State's ban on the possession and bearing of readily-available firearms by foster parents, and would-be foster parents, unconstitutional. As the Plaintiffs only seek to be treated the same as other law-abiding Michigan residents, the Second and Fourteenth Amendments render a ban such as that challenged in this action, impermissible.

5. This action is not about the issue of "safe storage" laws generally, but only insofar as the State requirements and restrictions prohibit foster parents, and those who would be foster parents, from the possession and bearing of readily-available firearms for the purpose of self-defense, both in and out of their homes.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Defendants as they execute, administer and enforce the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

7. This Court has personal jurisdiction over the Defendant because, *inter alia*, he acted under the color of laws, policies, customs, and/or practices of the State of Michigan and/or within the geographic confines of the State of Michigan.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendant executes, administers, and enforces the complained-of laws against Plaintiffs in this District, and because the events and omissions giving rise to this action are harming Plaintiffs in this District, and the Defendant's rules and policies were enacted in the State capital in this District.

## PLAINTIFFS

9. Plaintiff William Johnson is 57 years old, and resides with his family in Ontonagon, Michigan. Johnson is retired from the United States Marine Corps following disability, and also worked as a truck driver. He has lived in Ontonagon for nine years, and lived in the Grand Rapids area prior to that. William also possesses a Michigan Concealed Pistol License. In sum, he has many solid connections to the State of Michigan and the Ontonagon area, including his wife and his grandson who still reside in the area.

10. Plaintiff Jill Johnson resides with her family in Ontonagon, Michigan. She owns a tackle shop in Ontonagon, and likewise has many connections to Ontonagon and the State of Michigan.

11. The Johnsons were asked by the State of Michigan to be foster parents to their grandchild. When Johnson and Jill and Mason went to pick up Johnson's grandson at the MDHHS, Johnson was searched. Even though Johnson was not carrying a firearm, the MDHHS officials still demanded to see Johnson's Concealed Pistol License. The caseworkers stated that Mr. Johnson, a 100% disabled veteran, was going to have to give them the serial numbers for all of his guns, including shotguns and rifles. When Johnson questioned the caseworkers about this, they told him: "if you want to care for your grandson you will have to give up some of your constitutional rights." They then told the Johnsons that "there would not be a power struggle, that they would just take his grandson and place him in a foster home." The MDHHS later said they had "big concerns" over Johnson exercising his Second Amendment rights and carrying a firearm. There is nothing in Johnson's history that would warrant such concerns.

12. Two weeks after that, in Gogebic County Court to have the Johnsons' grandson formally placed with them, the Judge in passing told the Johnsons they would have to comply with the firearms restrictions if they wanted to care for their grandson. The Judge said during the hearing: "We know we are violating numerous constitutional rights here, but if you do not comply, we will remove the boy from your home."

13. The Johnsons are licensed foster parents in the State of Michigan.

14. Plaintiff Brian Mason is 38 years old, and resides with his family in Ontonagon, Michigan. Brian has been the Pastor at the Ontonagon Baptist Church in Ontonagon, Michigan for nine years. He is also the Chair of the Ontonagon County Department of Health and Human Services Board. Prior to that, he started a church on Drummond Island, Michigan. Brian also possesses a Michigan Concealed Pistol License and is an NRA certified range officer. In sum, he has many solid connections to the State of Michigan and the Ontonagon area, including his wife and the two of his three children who still reside in the area.

15. Plaintiff Naomi Mason resides with her family in Ontonagon, Michigan, is a published author and substitute librarian in Ontonagon, and thus has strong connections to Ontonagon and the State of Michigan.

16. The Johnsons and the Masons are allowed to possess and bear firearms in Michigan generally, but are prohibited by the MDHHS rule complained-of herein from possessing and bearing readily-available firearms for self-defense so long as they currently are foster parents or plan to be foster parents in the future.

17. The Johnsons would possess and bear loaded and readily-available firearms for self-defense and defense of family, but refrain from doing so because they fear their foster child/grandchild or other foster children being taken away from them by the State, and/or being prohibited from being foster parents in the future, all due to the MDHHS rule complained-of herein.

18. The Masons would become foster parents in the State of Michigan, but have refrained from doing so, because they know that if they do they would be prohibited from possessing and bearing loaded and readily-available firearms for self-defense, and defense of family, at the risk of their foster children being taken away from them by the State, and/or being prohibited from being foster parents in the future, all due to the MDHHS rule complained-of herein.

19. SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes foster parents residing in Michigan. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing, advocacy, and legal action focusing on the Constitutional right privately to own, possess, and bear firearms. SAF brings this action on behalf of itself and its members.

20. Members of SAF who are or would be foster parents would bear loaded and readily-available handguns for self-defense, but refrain from doing so because they fear their foster children being taken away from them by the State, and/or being prohibited from being foster parents in the future, all due to the MDHHS rule complained-of herein.

21. William and Jill Johnson are members of SAF.

22. Brian and Naomi Mason are members of SAF. They are named in this Amended Complaint for purposes of appeal.

## DEFENDANT

23. Defendant Lyon is the Director of the Michigan Department of Health and Human Services. In Lyon's official capacity, he is responsible for enforcing certain of Michigan's laws, customs, practices, and policies, specifically those challenged herein. In that capacity, Lyon is presently enforcing the laws, customs, practices and policies complained of in this action. Specifically, Lyon is the authority charged with processing and administering the foster parenting system in Michigan. He is sued in his official capacity.

## CONSTITUTIONAL PROVISIONS

24. The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

25. The Second Amendment "is fully applicable against the States." *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

26. Section 1 of the Fourteenth Amendment provides, in relevant part:

> **No state shall** make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, **without due process of law**; nor **deny to any person within its jurisdiction the equal protection of the laws**.

U.S. Const. amend. XIV (emphasis added).

## STATE LAW

27. As of February 3, 2020, Michigan DHHS Foster Care Rules state, in relevant part, as amended:

-7-

      R 400.9415 Hazardous materials and firearm storage.

      Rule 415.
> (1) Federal standards for a foster family or group home include specific safety requirements for weapons, pools, hot tubs, and spas, as these pose a particular preventable danger to children.
> . . .
>
> (3) Unless carried in the home as permitted by law, firearms and ammunition must be stored as follows:
> (a) Firearms must be all of the following:
>     (i) Locked in compliance with 1 of the following:
>         (A) By a cable-lock.
>         (B) By a trigger-lock.
>         (C) In a gun safe.
>         (D) A solid metal gun case.
>         (E) A solid wood gun case.
>     (ii) Unloaded.
>     (iii) Separate from ammunition.
>     (iv) Inaccessible to children.
> (b) Ammunition must be stored in a locked location and inaccessible to children.

## COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
## (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

28.    Paragraphs 1 through 27 are realleged and incorporated herein by reference.

29.    The MDHHS Rule 400.9415(3), and all other Michigan statutory language, which functionally restricts foster parents, and would-be foster parents, the rights and privileges of possessing and bearing readily-available firearms for self-defense and defense of family based solely on their status as foster parents, on their face and as applied, violate the Plaintiffs' individual right to possess and carry firearms for self-defense and defense of family as secured by the Second Amendment to the United States Constitution.

## COUNT II – VIOLATION OF EQUAL PROTECTION
## (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)
## (preserved for appeal)

30.     Paragraphs 1 through 29 are realleged and incorporated herein by reference.

31.     The MDHHS Rule 400.9415(3), and all other Michigan statutory language which restricts foster parents, and would-be foster parents, the rights and privileges of possessing and bearing firearms for self-defense and defense of family based solely on their status as foster parents, on their face and as applied, are unconstitutional denials of equal protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT III – VIOLATION OF SUBSTANTIVE DUE PROCESS
## (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)
## (preserved for appeal)

32.     Paragraphs 1 through 31 are realleged and incorporated herein by reference.

33.     The MDHHS Rule 400.9415(3), and all other Michigan statutory language, which restricts foster parents, and would-be foster parents, the rights and privileges of possessing and bearing firearms for self-defense and defense of family based solely on their status as foster parents, on their face and as applied, are unconstitutional denials of their fundamental substantive due process rights, and are in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## FOR ALL COUNTS

34. Paragraphs 1 through 33 are realleged and incorporated herein by reference.

35. A controversy exists as to whether the MDHHS Rule 400.9415(3) which restricts foster parents, and would-be foster parents, the rights and privileges of possessing and bearing readily-available firearms for self-defense and defense of family based solely on their status as foster parents, is unconstitutional.

36. A declaration from this Court would settle this issue.

37. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

38. The Plaintiffs seek a declaration that the MDHHS Rule 400.9415(3) which restricts foster parents, and would-be foster parents, the rights and privileges of possessing and bearing readily-available firearms for self-defense and defense of family based solely on their status as foster parents, is unconstitutional.

39. In the absence of an injunction, the unlawful MDHHS Rule 400.9415(3) would continue to be enforced and would prevent the Johnsons and Masons, and SAF's members who are foster parents, or would-be foster parents, residing in Michigan from possessing or bearing a readily-available firearm that any otherwise-qualified Michigan residents may possess and bear for defense of self or family.

40. The Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

41.   There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow the Johnsons, Masons, and SAF's members who are foster parents, or would-be foster parents, residing in Michigan the opportunity to possess and bear a readily-available firearm for self-defense.

WHEREFORE, Plaintiffs pray that this Honorable Court:

1.   Issue preliminary and permanent injunctions (a) enjoining Defendant NICK LYON, as Director of the Michigan Department of Health and Human Services, from continuing and enforcing the MDHHS Rule 400.9415(3) prohibiting readily-available firearm possession to foster parents, and those who would be foster parents in Michigan, including against the Plaintiffs and/or their members; and

2.   Enter the following:

(a)   A declaratory judgment that the MDHHS Rule 400.9415(3) prohibiting readily-available firearms possession and bearing by foster parents, and those who would be foster parents in Michigan, and all other Michigan statutory language which restricts firearms rights and privileges based on status as a foster parent, is null and void because it (i) infringes on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution and (ii); violates due process and the equal

protection of the laws guaranteed by the Fourteenth Amendment to the United State Constitution (preserved for appeal);

(b)  Issue preliminary and permanent injunctions against the Defendant and his political subdivisions, including officers, agents, and employees thereof, from enforcement of the MDHHS Rule 400.9415(3) prohibiting readily-available firearms possession and bearing by foster parents, and those who would be foster parents in Michigan, and all other Michigan statutory language which restricts firearms rights and privileges based on status as a foster parent.

3.  Award Plaintiffs attorney's fees and costs against Defendant pursuant to 42 U.S.C. § 1988.

4.  Grant such other and further relief, in law and equity, as the Court deems just and proper.


Dated:  January 21, 2020          Respectfully submitted,


                                  By:   /s/ David G. Sigale
                                        Attorney for Plaintiffs



David G. Sigale
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

*Attorney for Plaintiffs*