UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION (2)

WILLIAM JOHNSON, JILL JOHNSON,
BRIAN MASON, NAOMI MASON, and
SECOND AMENDMENT FOUNDATION,
INC.,

       Plaintiffs,

v.

NICK LYON, in his official capacity as
Director of the Michigan Department of
Health and Human Services,

       Defendant.

No. 17-CV-00124-DLM-TPG

HON. PAUL L. MALONEY

MAG. MAARTEN VERMAAT

**DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES
TO PLAINTIFFS' AMENDED
COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

David G. Sigale
Attorney for Plaintiffs
Law Firm of David G. Sigale, P.C.
430 West Roosevelt Rd.
Wheaton, IL 60187
 (630) 452-4547
dsigale@sigalelaw.com

Cassandra A. Drysdale-Crown (P64108)
Jennifer L. A. Walker (P73048)
Trace E. Van den Bergh (P70066)
Assistant Attorneys General
Attorneys for Defendant
Michigan Department of Attorney General
Health, Education & Family Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
drysdalecrownc@michigan.gov
walkerj32@michigan.gov
vandenberght@michigan.gov

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendant, Robert Gordon,[1] by and through his attorneys, Assistant Attorneys General Cassandra Drysdale-Crown, Jennifer L. A. Walker, and Tracy E. Van den Bergh, answers each paragraph of the Amended Complaint for Declaratory and Injunctive Relief, restated herein, as follows:

### INTRODUCTION

1.     This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, which seeks equitable, declaratory, and injunctive relief challenging the State of Michigan's prohibition on the bearing of firearms for self-defense by otherwise qualified Michigan residents who are or wish to be foster parents.

**ANSWER:   Neither admit nor deny.  This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary.  To the extent it makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegation.**

---

[1] Robert Gordon replaced Nick Lyon as the Director of the Michigan Department of Health and Human Services.  Pursuant to Fed. R. Civ. P. 25(d), Robert Gordon is automatically substituted as a party.

2.      The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 2797 (2008), and is "fully applicable against the States," *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

**ANSWER:  Admit this paragraph accurately quotes portions of the Supreme Court's opinions in *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010).**

3.      However, the MDHHS, by implementing Rules for Foster Families with requirements and restrictions that are close to functional bans on the keeping and bearing of firearms for self-defense, both in and out of the home, nearly completely prohibits foster parents, and those who would be foster parents, from the possession and bearing of readily-available firearms for the purpose of self-defense.  This violates Plaintiffs' constitutional rights under the Second and Fourteenth Amendments.

**ANSWER:  Deny all allegations of fact within this paragraph as untrue. As to legal conclusions, although no response is necessary, Defendant denies the legal conclusions as untrue.**

4.      Plaintiffs seek to establish that the recognition and incorporation of the Second Amendment, and the Fourteenth Amendment's due process and equal protection clauses, renders the State's ban on the possession and bearing of readily available firearms by foster parents, and would-be foster parents, unconstitutional. As the Plaintiffs only seek to be treated the same as other law-abiding Michigan

residents, the Second and Fourteenth Amendments render a ban such as that challenged in this action, impermissible.

**ANSWER:**  **This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary.  To the extent it makes allegations of fact such that a response is required by this Court, deny the allegations in Paragraph 4.[2]**

5.     This action is not about the issue of "safe storage" laws generally, but only insofar as the State requirements and restrictions prohibit foster parents, and those who would be foster parents, from the possession and bearing of readily-available firearms for the purpose of self-defense, both in and out of their homes.

**ANSWER:  This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary.  To the extent it makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies on grounds that he is without knowledge or information sufficient to form a belief about the truth of this allegations.**

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress

---

[2] This Court's previous Opinion and Order dismissed Plaintiffs' Substantive Due Process and Equal Protection Claims. (Doc. 48.)  Accordingly, Plaintiffs are precluded from relitigating these same claims.

the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Defendants as they execute, administer and enforce the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

**ANSWER:  Plaintiffs' assertions that this Court has subject matter jurisdiction and legal remedies available under 42 U.S.C. §§ 1331.132.2201.2202 and under 42 U.S.C. § 1983, are legal conclusions and no response is necessary.  Nevertheless, Defendant admits he conducts his official duties in this District which include the execution, administration, and enforcement of Foster Family Homes and Mich. Admin. Code R. 400.9415.  To the extent Plaintiffs make allegations of fact in Paragraph 6, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, except admit that Plaintiffs purport to establish the Court's jurisdiction as described therein, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents and application.**

7.     This Court has personal jurisdiction over the Defendant because, *inter alia*, he acted under the color of laws, policies, customs, and/or practices of the State of Michigan and/or within the geographic confines of the State of Michigan.

**ANSWER:  Admit Defendant Robert Gordon conducts his official duties in this District, which include the execution, administration, and enforcement of Foster Family Homes and Foster Family Group Homes**

(amended) Rule 400.9415 while employed at the Michigan Department of Health and Human Services.  As to Plaintiffs' legal claims, no response is necessary.

8.      Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendant executes, administers, and enforces the complained-of laws against Plaintiffs in this District, and because the events and omissions giving rise to this action are harming Plaintiffs in this District, and the Defendant's rules and policies were enacted in the State capital in this District.

**<u>ANSWER:</u>  Deny that Defendant executes, administers, and enforces complained of laws against Plaintiffs.  Deny Plaintiffs' assertion that events and omissions giving rise to this action are harming Plaintiffs. Admit Defendant's (amended) Rule 400.9415 received the State seal.  Deny Plaintiffs' remaining allegations asserted in Paragraph 6.**

## <u>PLAINTIFFS</u>

9.      Plaintiff William Johnson is 57 years old, and resides with his family in Ontonagon, Michigan.  Johnson is retired from the United States Marine Corps following disability, and also worked as a truck driver.  He has lived in Ontonagon for nine years and lived in the Grand Rapids area prior to that.  William also possesses a Michigan Concealed Pistol License.  In sum, he has many solid connections to the State of Michigan and the Ontonagon area, including his wife and his grandson who still reside in the area.

6

**ANSWER: Neither admit nor deny for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.**

10.    Plaintiff Jill Johnson resides with her family in Ontonagon, Michigan. She owns a tackle shop in Ontonagon, and likewise has many connections to Ontonagon and the State of Michigan.

**ANSWER:  Neither admit nor deny for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.**

11.    The Johnsons were asked by the State of Michigan to be foster parents to their grandchild.  When Johnson and Jill and Mason went to pick up Johnson's grandson at the MDHHS, Johnson was searched.  Even though Johnson was not carrying a firearm, the MDHHS officials still demanded to see Johnson's Concealed Pistol License.  The caseworkers stated that Mr. Johnson, a 100% disabled veteran, was going to have to give them the serial numbers for all of his guns, including shotguns and rifles. When Johnson questioned the caseworkers about this, they told him: "if you want to care for your grandson you will have to give up some of your constitutional rights."  They then told the Johnsons that "there would not be a power struggle, that they would just take his grandson and place him in a foster home."  The MDHHS later said they had "big concerns" over Johnson exercising his Second Amendment rights and carrying a firearm.  There is nothing in Johnson's

history that would warrant such concerns.

**ANSWER:  Contrary to Fed. R. Civ. P. 10(b), Plaintiffs state several sets of circumstances over the course of eight sentences, most of which also contain multiple allegations.  Subject to and without waiving Defendant's objection to improper pleading, Defendant admits the Johnsons were asked by the State of Michigan – by MDHHS - to be foster parents for their grandchild.  Deny Johnson and Jill and Mason went to pick up Johnson's grandson at MDHHS, and by way of further explanation, admit the Johnsons picked up their grandson at MDHHS.  Deny as untrue that Mr. and Mrs. Johnson were searched.  Defendant admits Mr. and Mrs. Johnson were not carrying firearms.  Deny as untrue that MDHHS officials demanded to see Mr. Johnson's Concealed Pistol License when he went to the local office to pick up his grandchild and deny that caseworkers stated Mr. Johnson would have to give them the serial numbers of all his guns when he went to the local office to pick up his grandchild.  Admit Mr. Johnson later produced the license as part of the relative home study process.  Deny as untrue that Department staff made the statements quoted by Plaintiffs when Mr. Johnson went to the local office to pick up his grandchild.  As to the remainder of the allegations, neither admit nor deny for the reason Defendant is without knowledge or information sufficient to form a belief as to their truth.**

12.     Two weeks after that, in Gogebic County Court to have the Johnsons'
grandson formally placed with them, the Judge in passing told the Johnsons they
would have to comply with the firearms restrictions if they wanted to care for their
grandson.  The Judge said during the hearing:  "We know we are violating
numerous constitutional rights here, but if you do not comply, we will remove the
boy from your home."

**ANSWER:  Neither admit nor deny because Defendant is without
knowledge or information sufficient to form a belief as to the truth of the
allegation that the Judge in passing spoke with the Johnsons.  Deny as
untrue the quoted statement made by the Judge during the hearing
referenced in Paragraph 12.**

13.     The Johnsons are licensed foster parents in the State of Michigan.

**ANSWER:   Admit.**

14.     Plaintiff Brian Mason is 38 years old, and resides with his family in
Ontonagon, Michigan.  Brian has been the Pastor at the Ontonagon Baptist Church
in Ontonagon, Michigan for nine years.  He is also the Chair of the Ontonagon
County Department of Health and Human Services Board.  Prior to that, he started
a church on Drummond Island, Michigan.  Brian also possesses a Michigan
Concealed Pistol License and is an NRA certified range officer.  In sum, he has
many solid connections to the State of Michigan and the Ontonagon area, including
his wife and the two of his three children who still reside in the area

9

**ANSWER:   Deny Brian Mason is a "Plaintiff,"[3]  As this Court, in its August 14, 2018 Opinion (Doc. 48) determined, the Masons lack standing "because they have failed to demonstrate actual present harm or a significant possibility of future harm."  (Doc. 48, PageID.911.)  In their Amended Complaint, Plaintiffs do not assert the Brian Mason has a present harm or significant possibility of future harm. Accordingly, this Court's previous determination that the Masons lack standing continues to apply to Plaintiffs' amended complaint.  To the extent Paragraph 14 makes allegations of fact such that this Court requires additional response, Defendant neither admits nor denies the remaining allegations contained in Paragraph 14 because Defendant is without knowledge or information sufficient to form a belief as to their truth.**

15.    Plaintiff Naomi Mason resides with her family in Ontonagon, Michigan, is a published author and substitute librarian in Ontonagon, and thus has strong connections to Ontonagon and the State of Michigan.

---

[3] On March 2, 2020, counsel for the parties conferenced to discuss the Court's August 14, 2018 Opinion and Order (Doc. 48).  Defendants assert this Opinion and Order preclude Plaintiffs from again relitigating the following claims in their amended complaint:  (1) the Masons have standing as Plaintiffs, (2) Plaintiffs' Count II – Equal Protection claim, and (3) Plaintiffs' Count III – Substantive Due Process claim. Plaintiffs' counsel agrees the inclusion of the Masons and Counts II and III within Plaintiffs' amended complaint are for purposes of preserving appeal and are not raised as claims to be relitigated and redetermined by this Court.  The parties agree this Court's Opinion and Order entered on August 14, 2018, apply to Plaintiffs' amended complaint.

**ANSWER:  Deny Naomi Mason is a "Plaintiff" as this Court, in its August 14, 2018 Opinion (Doc. 48), determined the Masons lack standing "because they have failed to demonstrate actual present harm or a significant possibility of future harm."  (Doc. 48, PageID.911.)  In their amended complaint, Plaintiffs do not assert Brian Mason has a present harm or significant possibility of future harm.  Accordingly, this Court's previous determination that the Masons lack standing continues to apply to Plaintiffs' Amended Complaint.  To the extent Paragraph 14 makes allegations of fact such that this Court requires additional response, Defendant neither admits nor denies the remaining allegations contained therein because Defendant is without knowledge or information sufficient to form a belief as to their truth.**

16.    The Johnsons and the Masons are allowed to possess and bear firearms in Michigan generally, but are prohibited by the MDHHS rule complained-of herein from possessing and bearing readily-available firearms for self-defense so long as they currently are foster parents or plan to be foster parents in the future.

**ANSWER:  Deny that the Mich. Admin. Code R. 400.9415 complained of prevents the Johnsons and/or Masons from possessing and bearing readily available firearms for self-defense so long as they currently are foster parents or plan to be foster parents in the future.  Neither admit nor deny the remainder of the allegations in paragraph 16 because Defendant is without knowledge or information sufficient to form a belief as to their**

11

**truth.  To the extent that this paragraph states a legal conclusion about the effect of a Department policy, no response is required.**

17.     The Johnsons would possess and bear loaded and readily-available firearms for self-defense and defense of family, but refrain from doing so because they fear their foster child/grandchild or other foster children being taken away from them by the State, and/or being prohibited from being foster parents in the future, all due to the MDHHS rule complained-of herein.

**ANSWER**:  **Neither admit nor deny the allegations in paragraph 17 because Defendant is without knowledge or information sufficient to form a belief as to their truth.**

18.     The Masons would become foster parents in the State of Michigan, but have refrained from doing so, because they know that if they do they would be prohibited from possessing and bearing loaded and readily-available firearms for self-defense, and defense of family, at the risk of their foster children being taken away from them by the State, and/or being prohibited from being foster parents in the future, all due to the MDHHS rule complained-of herein.

**ANSWER**:  **Although the Masons were dismissed from this action (Doc. 48, PageID.931) and are no longer parties, and no response to this allegation is required, Defendant neither admits nor denies the allegations in paragraph 18 because Defendant is without knowledge or information sufficient to form a belief as to their truth.**

19.     SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes foster parents residing in Michigan.  SAF has over 650,000 members and supporters nationwide.  The purposes of SAF include education, research, publishing, advocacy, and legal action focusing on the Constitutional right privately to own, possess, and bear firearms.  SAF brings this action on behalf of itself and its members.

**ANSWER:  Admit that SAF is a non-profit membership organization incorporated in Washington. Defendant, however, is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 19.**

20.     Members of SAF who are or would be foster parents would bear loaded and readily-available handguns for self-defense, but refrain from doing so because they fear their foster children being taken away from them by the State, and/or being prohibited from being foster parents in the future, all due to the MDHHS rule complained-of herein.

**ANSWER:  Neither admit nor deny because Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 20.  To the extent that this paragraph states a legal conclusion about the effect of a Department policy, no response is required.**

21.     William and Jill Johnson are members of SAF.

**ANSWER**:  **Neither admit nor deny because Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 21.**

22.     Brian and Naomi Mason are members of SAF.  They are named in this Amended Complaint for the purposes of appeal.

**ANSWER**:   **This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary.  Although the Masons were dismissed from this action (Doc. 48, PageID.931) and are no longer parties, no response to this allegation is required.  To the extent it makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies for the reason that he is without knowledge or information sufficient to form a belief about the truth of this allegation.**

## DEFENDANT

23.     Defendant Lyon is the Director of the Michigan Department of Health and Human Services.  In Lyon's official capacity, he is responsible for enforcing certain Michigan's laws, customs, practices, and policies, specifically those challenged herein.  In that capacity, Lyon is presently enforcing the laws, customs, practices and policies complained of in this action.  Specifically, Lyon is the authority charged with processing and administering the foster parenting system in Michigan.  He is sued in his official capacity.

14

**ANSWER:**   Deny Nick Lyon is presently the Director of the Michigan Department of Health and Human Services.  Fed. R. Civ. P. 25(d) provides Nick Lyon's successor, Robert Gordon, is automatically substituted as a party.  Accordingly, Defendant admits Robert Gordon is the Director of the Department, and, in his official capacity, administers the foster care system in Michigan and that is being sued in his official capacity.  Further admitted that Robert Gordon, in his official capacity, is responsible for and presently is enforcing Mich. Admin. Code R. 400.9415.  Denied insofar as there are no laws, customs or policies at issue or being challenged in this case other than Mich. Admin. Code R. 400.9415.

## CONSTITUTIONAL PROVISIONS

24.    The Second Amendment provides: A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed. U.S. Const. amend. II.

**ANSWER:** Admit Paragraph 24 accurately quotes the U.S. Const. amend II.

25.    The Second Amendment "is fully applicable against the States." *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

**ANSWER**: Admit that the due process clause of the Fourteenth Amendment incorporates the Second Amendment right recognized by *Heller*, deny the allegation as cited.  See, *Mc Donald v. City of Chicago*, 561 U.S., 742, 791 (2010).

15

26.     Section 1 of the Fourteenth Amendment provides, in relevant part:

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV.

**ANSWER: Admit Paragraph 26 accurately quotes portions of the Fourteenth Amendment of the United States Constitution.**

## STATE LAW

27.     As of February 3, 2020, Michigan DHHS Foster Care Rules state, in relevant part, as amended:

R 400.9415 Hazardous materials and firearm storage.

Rule 415.

(1) Federal standards for a foster family or group home
include specific safety requirements for weapons, pools, hot tubs, and spas, as these pose a particular preventable danger to children.
                                    ***

(3) Unless carried in the home as permitted by law, firearms and ammunition must be stored as follows:
(a) Firearms must be all of the following:
    (i) Locked in compliance with 1 of the following:
        (A) By a cable-lock.
        (B) By a trigger-lock.
        (C) In a gun safe.
        (D) A solid metal gun case.
        (E) A solid wood gun case.
    (ii) Unloaded.
    (iii) Separate from ammunition.

(iv) Inaccessible to children.
(b) Ammunition must be stored in a locked location and inaccessible to children.

**ANSWER**: **Admit Plaintiff has cited a portion of Mich. Admin. Code R. 400.9415, as amended and effective on January 10, 2020.**

## COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

28.     Paragraphs 1 through 27 are realleged and incorporated herein by reference.

**ANSWER**:  **Defendant incorporates all prior responses as if fully restated herein.**

29.     Mich. Admin. Code R. 400.9415(3), and all other Michigan statutory language, which functionally restricts foster parents, and would-be foster parents, the rights and privileges of possessing and bearing readily-available firearms for self-defense and defense of family based solely on their status as foster parents, on their face and as applied, violate the Plaintiffs' individual right to possess and carry firearms for self-defense and defense of family as secured by the Second Amendment to the United States Constitution.

**ANSWER**:  **Deny. To the extent this paragraph states legal conclusions and/or arguments, rather than making allegations of fact, no response is necessary.**

<u>**COUNT II – VIOLATION OF EQUAL PROTECTION**</u>
<u>**(U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)**</u>
<u>**(preserved for appeal)**</u>

30.     Paragraphs 1 through 29 are realleged and incorporated herein by reference.

**<u>ANSWER</u>:  Defendant incorporates all prior responses as if fully restated here.**

31.     The MDHHS Rule 400.9415(3), and all other Michigan statutory language which restricts foster parents, and would-be foster parents, the rights and privileges of possessing and bearing firearms for self-defense and defense of family based solely on their status as foster parents, on their face and as applied, are unconstitutional denials of equal protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**<u>ANSWER</u>:  Deny. Count II of Plaintiffs' Complaint, Violation of Equal Protection, was dismissed by this Court, with prejudice, on August 14, 2018. (Doc. 48, PageID.931.)  This Court determined Plaintiffs are not a "suspect class" which would qualify them for protection under the Equal Protection Clause.[4]  (*Id.*, PageID.928-929.)**

---

[4] See FN3.

<u>**COUNT III – VIOLATION OF SUBSTANTIVE DUE PROCESS**</u>
<u>**(U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)**</u>
<u>**(preserved for appeal)**</u>

32.     Paragraphs 1 through 31 are realleged and incorporated herein by reference.

**<u>ANSWER</u>:  Defendant incorporates all prior responses as if fully restated herein.**

33.     The MDHHS Rule 400.9415(3), and all other Michigan statutory language, which restricts foster parents, and would-be foster parents, the rights and privileges of possessing and bearing firearms for self-defense and defense of family based solely on their status as foster parents, on their face and as applied, are unconstitutional denials of their fundamental substantive due process rights, and are in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**<u>ANSWER</u>:  Deny. Count III of Plaintiffs' Complaint, Substantive Due Process (U.S. Const. Amend. XIV; 42 U.S.C. §§ 1981(a), 1983), was dismissed by this Court, with prejudice, on August 14, 2018.[5]  (Doc. 48, PageID.931.)**

<u>**FOR ALL COUNTS**</u>

34.     Paragraphs 1 through 33 are realleged and incorporated herein by reference.

---

[5] See FN3.

19

**ANSWER:  Defendant incorporates all prior responses as if fully restated herein.**

35.    A controversy exists as to whether the MDHHS Rule 400.9415(3) which restricts foster parents, and would-be foster parents, the rights and privileges of possessing and bearing readily available firearms for self-defense and defense of family based solely on their status as foster parents, is unconstitutional.

**ANSWER:  Admit the parties have a controversy over the constitutionality of Mich. Admin. Code R. 400.9415(3). Defendant states the rule is constitutional. To the extent Paragraph 35 states a legal conclusion or grounds and/or argument, rather than making an allegation of fact, no response is necessary.**

36.    A declaration from this Court would settle this issue.

**ANSWER:  This paragraph states a legal conclusion and/or argument, rather than making an allegation of fact, therefore no response is necessary.  To the extent it makes allegations of fact such that a response is required by this Court, Defendant neither admits nor denies because he lacks sufficient for the reason that he is without knowledge or information sufficient to form a belief about the truth of this allegation.**

37.    A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

**ANSWER:  This paragraph states a legal conclusion and/or argument,**

**rather than making an allegation of fact, therefore no response is necessary. To the extent it makes allegations of fact such that a response is required by this Court, Defendant admits.**

38.     The Plaintiffs seek a declaration that the MDHHS Rule 400.9415(3) which restricts foster parents, and would-be foster parents, the rights and privileges of possessing and bearing readily available firearms for self-defense and defense of family based solely on their status as foster parents, is unconstitutional.

**ANSWER:  This paragraph states a legal conclusion and/or argument, rather than making an allegation of fact, therefore no response is necessary. To the extent it makes allegations of fact such that a response is required by this Court, Defendant denies Mich. Admin. Code R. 400.9415 is unconstitutional.**

39.     In the absence of an injunction, the unlawful MDHHS Rule 400.9415(3) would continue to be enforced and would prevent the Johnsons and Masons, and SAF's members who are foster parents, or would-be foster parents, residing in Michigan from possessing or bearing a readily-available firearm that any otherwise-qualified Michigan residents may possess and bear for defense of self or family.

**ANSWER:  This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary. To the extent it makes allegations of fact such that a response is required by this Court, Defendant denies.**

40.     The Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

**ANSWER:  This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary. To the extent it makes allegations of fact such that a response is required by this Court, Defendant denies.**

41.     There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow the Johnsons, Masons, and SAF's members who are foster parents, or would-be foster parents, residing in Michigan the opportunity to possess and bear a readily-available firearm for self-defense.

**ANSWER:  This paragraph states legal conclusions and/or arguments, rather than making allegations of fact, therefore no response is necessary. To the extent it makes allegations of fact such that a response is required by this Court, Defendant denies.**

WHEREFORE, Defendant respectfully requests that this Court enter judgment in his favor, dismiss Plaintiffs' Amended Complaint with prejudice, and award such other relief as this Court deems just and equitable.

                              Respectfully submitted,

                              Dana Nessel
                              Attorney General

                              /s/ Cassandra A. Drysdale-Crown
                              Cassandra A. Drysdale-Crown
                              Assistant Attorney General
                              Attorney for Defendant
                              Health, Education & Family
                              Services Division
                              P.O. Box 30758
                              Lansing, MI 48909
                              (517) 335-7603
                              drysdalecrownc@michigan.gov
                              (P64108)

Dated:  March 9, 2020

## AFFIRMATIVE DEFENSES

Defendant, Director Robert Gordon, by and through his attorneys, and for his Special and/or Affirmative Defenses states:

1. Plaintiffs fail to state claims upon which relief can be granted.

2. Plaintiffs lack standing to assert some or all their claims.

3. Count II and III of Plaintiffs' Amended Complaint are barred by res judicata. This Court previously dismissed both counts with prejudice. (Doc. 48, PageID.931.)

4. Plaintiffs Brian Mason and Naomi Mason are barred by res judicata in reasserting standing because this Court previously dismissed both Plaintiffs without prejudice (Doc. 48, PageID.931), and Plaintiffs fail to assert grounds for standing that differ from their complaint filed on July 17, 2017 (Doc. 1).

5. Plaintiffs' claims are barred on grounds of collateral estoppel.

6. Plaintiffs' claims are barred on grounds of laches.

7. Plaintiffs' claims are barred on grounds of mootness.

24

8.      Defendant reserves the right to supplement, add to, or amend these

defenses as this case develops and during discovery.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ Cassandra A. Drysdale-Crown
Cassandra A. Drysdale-Crown
Assistant Attorney General
Attorney for Defendant
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
drysdalecrownc@michigan.gov
(P64108)

Dated:  March 9, 2020